## GOUGH vs. GOLDSMITH.

LIBEL: *Special damage.*

In a complaint for libel, [illegible] contained in a letter from defendant to one C., where the special damages alleged appear to have resulted, not from the reading of the letter by C., but from the reading of it by others, to whom it was shown by him, there being no averment that defendant authorized C. to show the letter to such other persons: *Held*, that no cause of action is stated, such special damages not being the natural and immediate consequence of the publication charged upon defendant.

APPEAL from the Circuit Court for *Chippewa* County.

For the appellant, briefs were filed signed by *Bartlett & Hayden* as attorneys, with *A. Gough*, of counsel, and the cause was argued orally by *Mr. Gough*. [The exact question determined by the court does not seem to be discussed in the briefs on this side.]

For the respondent, a brief was filed by *Bingham & Pierce*, and the cause was argued orally by *E. E. Bryant*. They contended that where words are spoken to one person, and he repeats them to another, in consequence of which the party of whom they are spoken sustains damage, the party who re-

peats them is alone liable for damages. *Ward v. Weeks*, 7 Bing., 211; *Terwilliger v. Wands*, 17 N. Y., 54; *Hastings v. Palmer*, 20 Wend., 225; *Keenholts v. Becker*, 3 Denio, 346; *Stevens v. Hartwell*, 11 Met., 542; Sedgw. on Dam., 92.

COLE, J.   Assuming that the publication set out in the first paragraph of the complaint was libelous, upon showing special damages and that it was published with a malicious intent, we still think the demurrer to that part of the complaint was properly sustained.   The letter counted on as libelous was written by the defendant to Mr. Connolly, the Roman Catholic priest of Eau Claire, and begs Connolly, as a special favor to the writer, to avoid all familiarity with the plaintiff (and other persons named), because he (the plaintiff) is no longer a Catholic, is a member of secret societies, and does not go to his Easter duty.   The writer then adds: " I understand they " (the persons named) " did the honors at your visit.   I have a number of respectable Irish Catholics who felt hurt at the forwardness of those, as they call them, ' renegade Irishmen.' Pat Morris is the only one of them who attends his church, and he is mighty small and mean."

It is obvious that the letter is not, in itself, actionable, and, to maintain an action for its publication, it is essential that the plaintiff should allege and prove that he has sustained special damages.   The plaintiff is a lawyer, practicing law at Chippewa Falls; and it is averred that this letter was read by Connolly and numerous other persons in the counties of Chippewa and Eau Claire; and that by reason of its publication the plaintiff has sustained great injury to his good name, fame, credit and business in these counties, and has been shunned and avoided by many good Catholics in both places, since its writing and publication.   The allegation as to special damages is as follows: " That a great number of persons, both in Eau Claire county and in the county of Chippewa, who are Roman Catholics, and who otherwise would have done so, re-

fused to employ this plaintiff as such attorney — among whom were John Neiland and Patrick Boyle, of Eau Claire, — or to give him any business, as such attorney, to transact, as they were formerly accustomed to do, being deterred therefrom by reason of said false and scandalous libel; and that, by reason of the writing and publishing of said false libel, this plaintiff has suffered loss and damage in the sum of $5,000."

The special damages alleged must be the natural and immediate consequence of the writing and publication of the letter; otherwise no action will lie for them. Folkard's Starkie on S. & L., § 622; *Beach v. Ranney*, 2 Hill, 309; *Terwilliger v. Wands*, 17 N. Y., 50; *Anonymous*, 60 id., 262; *Hallock v. Miller*, 2 Barb. S. C., 630. Says BRONSON, J., in *Beach v. Ranney:* "A man is not responsible for all the remote and possible consequences which may result from his act, although he may be a wrongdoer." Now, if we examine the allegations of the complaint, can it be said that the special damages stated therein were the legal and natural consequence of the act of the defendant? The communication was sent to Mr. Connolly, asking him, as a special favor to the defendant, to avoid all familiarity with the plaintiff. It is not alleged that Mr. Connolly, in consequence of receiving the letter, did avoid the plaintiff, or withhold from him any business, or refuse to employ him as an attorney. But it was other persons, in the counties of Eau Claire and Chippewa, who read this letter, that refused to entrust him with their business as they were formerly accustomed to do. The special damages stated, then, were not the legal and natural consequence of writing and sending the letter to Mr. Connolly, but resulted from his unauthorized act in letting others read it. There is nothing to warrant the inference that the defendant desired or intended that the letter or its contents should be seen or known by anyone except the person to whom it was sent; and the act of Connolly in permitting others to read the letter was what caused the injury complained of. In *Terwilliger v. Wands*,

*supra*, the doctrine is laid down, that, " where words are spoken to one person, and he repeats them to another, in consequence of which the party of whom they are spoken sustains damages, the repetition is, as a general rule, a wrongful act, rendering the person repeating them liable in like manner as if he had alone uttered them. The special damages in such a case are not a natural legal consequence of the first speaking of the words, but of the wrongful act of repeating them, and would not have occurred but for the repetition; and the party who repeats them is alone liable for the damages ( *Ward v. Weeks*, 7 Bing., 211; *Hastings v. Palmer*, 20 Wend., 225; *Keenholts v. Becker*, 3 Denio, 346; *Stevens v. Hartwell*, 11 Met., 542)." It seems to us that the same principle must govern in respect to the special damages stated in this case. ·The libel was not read by any person who refused to employ the plaintiff or give him their business, at the request or by the direction of the defendant; but was read by such persons through the voluntary act of Connolly, for whose action the defendant is not responsible. And, within the rule of law above stated, as the special damages laid were not the direct and immediate, but the remote and secondary, consequence of the publication of the libel, the defendant is not answerable for them.

*By the Court.* — The order of the circuit court is affirmed.

RYAN, C. J., and LYON, J., took no part.