## LUCIA M. HASTINGS *vs.* JAMES STETSON.

Hampshire. Sept. 17, 1877. — March 3, 1879. ENDICOTT & LORD, JJ., absent.

A person who utters a slander is not responsible for its voluntary and unjustifiable repetition, without his authority or request, by others over whom he has no control, and who thereby render themselves liable to the person slandered.

TORT, in five counts, for slander, in accusing the plaintiff of the crimes of adultery and fornication. Answer, a general denial.

At the trial in the Superior Court, before *Bacon*, J., the evidence tended to show that the words complained of in the first count of the declaration were spoken by the defendant to the brother of the plaintiff, in the presence of a number of persons, during an angry altercation between the brother and the defendant; that the words complained of in the second count were spoken by the defendant, to the father of the plaintiff, in a public place, in the hearing of a number of persons, during an angry altercation between the father and the defendant; and

that the words complained of in the third count were spoken
by the defendant, in another public place, in the hearing of a
number of persons. The evidence was conflicting as to what
was said by the defendant on the different occasions. There was
evidence that the remarks made by the defendant on the first
and second occasions were repeated by some of the persons who
heard them, but there was no evidence that the remarks com
plained of were repeated to the plaintiff, and how or when, if
ever, she heard of what had been said; nor that the defendant
asked or authorized in words any one to repeat the remarks he
made.

The defendant asked the judge to rule that no damages were
to be allowed to the plaintiff on account of statements made by
others than the defendant, although such statements were repe-
titions of statements made by the defendant; that if the jury
should find that the words spoken by the defendant were not
said in the presence or hearing of the plaintiff, and only became
known to her as they were repeated by others, then she could not
recover damages for mental distress caused by the repetitions of
the statements so made to her by others, whether made before
or subsequent to the suit. The judge refused so to rule, but in-
structed the jury as follows: " The defendant is not responsible
because somebody repeats the language which he used; for the
injury done by the repetitions of his words by another he is not
responsible, unless you are satisfied that he uttered the slanders
under such circumstances as to authorize and to cause, as a proxi-
mate and necessary result of his utterance of the language, a
repetition of the words. If it was a natural and necessary
result, a natural and proximate result, of the language used by
the defendant, that the words would be repeated by others, the
injury done by the repetition would be a natural result of what
the defendant did, would be the proximate result. If in sub-
stance he made the charge in such a way as to make himself the
authority for it, and others repeated it, they would be liable to
the plaintiff for the repetition, but the injury may have been,
and it is for you to say whether it was in this case, the natural
and proximate result of the original slander by the defendant;
if so, the defendant is responsible, and if not, he is not respon-
sible." And at the close of the charge, after discussion by

counsel, the judge instructed the jury they were nòt to consider the repetitions unless they were the natural and proximate result of the slanders, and the slanders were uttered in such way by the defendant as to authorize the repetitions.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*H. H. Bond*, for the defendant.

*G. M. Stearns*, for the plaintiff.

GRAY, C. J. It is too well settled, to be now questioned, that one who utters a slander is not responsible, either as on a distinct cause of action or by way of aggravation of damages of the original slander, for its voluntary and unjustifiable repetition, without his authority or request, by others over whom he has no control, and who thereby make themselves liable to the person slandered; and that such repetition cannot be considered in law a necessary, natural or probable consequence of the original slander. *Ward* v. *Weeks*, 4 Moore & Payne, 796; *S. C.* 7 Bing. 211. *Tunnicliffe* v. *Moss*, 3 Car. & K. 83. *Barnett* v. *Allen*, 1 F. & F. 125. *Dixon* v. *Smith*, 5 H. & N. 450. *Parkins* v. *Scott*, 1 H. & C. 153. *Derry* v. *Handley*, 16 L. T. (N. S.) 263. *Stevens* v. *Hartwell*, 11 Met. 542, 550. *Terwilliger* v. *Wands*, 17 N. Y. 54.

In the present case, there was no evidence that the defendant, in any form of words, asked or authorized any one to repeat his statements, or that those who did repeat them held any relation to him that would imply such authority, or had any legal justification for the repetition. The presiding judge, though expressly requested to rule that no damages could be recovered by the plaintiff on account of the repetition by third persons of statements made by the defendant, declined so to do, and, in the instructions given, allowed the jury to hold the defendant responsible for repetitions by such persons, and for which they would themselves be liable to the plaintiff. For this reason the

*Exceptions must be sustained.*