## SUPREME COURT.

JOHN A. DODGE agt. THE BRADSTREET COMPANY, JOHN H. WHITE and ROBERT B. HARDY.

*Action against a corporation for conspiring with others to injure the defendant by slanderous utterances — Complaint.*

Where, in an action against a corporation defendant sued with others, it is alleged in the complaint that the corporation combined and confederated with the other defendants to injure the plaintiff by circulating false and slanderous statements to his injury with the view of compelling him to become a subscriber to the publications of the corporation defendants, in pursuance of which combination the slanderous words were uttered by the other defendants:

*Held,* upon demurrer to the complaint, that a cause of action was alleged against the corporation.

*Special Term, April,* 1880.

DEMURRER to the complaint.

*John H. Bird,* for defendants.

*Clarence Lexow,* for plaintiff.

VAN VORST, *J.* — After a careful reading of the complaint and a consideration of the points and arguments of the counsel I cannot conclude that this pleading is obnoxious to the objection that causes of action have been improperly joined.

It does not appear to have been the pleader's intention to interpose two separate causes of action, one for slander and another for an illegal combination and conspiracy between the defendants to injure the plaintiff.

It is true that the utterances of the defendants, White and Hardy, which are claimed to have been false and slanderous, are given with detail in the beginning of the complaint, but

they are afterwards alleged to have been the outcome of an illegal conspiracy and combination formed between the defendants with the intent and design of compelling plaintiff to become a subscriber to the publications of the defendant corporation. As far as the value of the pleading is concerned it is immaterial whether the conspiracy which conceived the wrong and consummated it in averment precedes or follows the statement of its open expression.

The complaint undertakes to state only the history and nature of a combined purpose to do plaintiff an injury, and the method of its accomplishment.

It is not necessary to question the point made by the learned counsel of the defendant that a corporation could not utter a slander (*Townsend on Slander*, sec. 265).

Although it has not the power of human speech it can and unfortunately sometimes does much human mischief. Corporations have the capacity to enter into combinations with others through which wrong is often inflicted.

The illegal and improper purposes of a corporation may find expression in a resolution entered on its books, and its ends may be attained through its agents and confederates.

A corporation may sanction the publication of a libel by its agents and employes and will be held liable therefor.

Corporations have the capacity to act and that, too, with a bad motive. They are managed by fallible men. The defendant corporation is here charged with combining and confederating with the other defendants to injure the plaintiff by circulating false and slanderous statements to his injury.

This may not, in the end, prove to be true, but for the purposes of this hearing the demurrer concedes it. For this action, if established by competent proof, it should be held liable.

Among other things the plaintiff is charged with being a "*defaulter*" under circumstances which impute a crime, and that is actionable.

---

McVeany agt. The Mayor, &c.

---

The grounds of demurrer are not well taken and there should be judgment for the plaintiff with liberty, however, to the defendant to withdraw the demurrer and interpose an answer on payment of costs.