## DAVID SHURTLEFF vs. HORACE PARKER.

Worcester. Sept. 30, 1879. — Feb. 9, 1881. ENDICOTT & LORD, JJ., absent.

A person who utters a slander is not responsible for its unauthorized repetition by another.

If a question is put to a witness on cross-examination, which is collateral or immaterial to the issue, his answer cannot be contradicted.

A letter to a member of an association of ministers, containing libellous matter concerning another member, and written by a minister not a member of the association, is not a privileged communication.

TORT in several counts for slander and libel. The counts for slander alleged that the defendant falsely said that the plaintiff,

a Congregational minister, was not connected with any associa‑ tion of ministers, and was sent away from societies, of which he had formerly been the pastor, without the usual recommenda‑ tions.

The count for libel charged the defendant with publishing the following defamatory language concerning the plaintiff, by sign‑ ing and sending the same on a postal card to the Rev. Dr. Stevens: "Dear Brother: If you can, do stop this man from making more trouble in the churches. He is unfit for the office and work of the ministry. He belongs to no organization here, and we cannot reach him."

The answer contained a general denial; alleged that the plaintiff had been dismissed from religious societies over which he had been settled as a clergyman, without the usual commen‑ dations to the churches, namely, in the year 1869, from his pas‑ torate over the Congregational Society of Brownington in the State of Vermont; and further alleged that the statements in the alleged libel were true.

Trial in the Superior Court, before *Bacon*, J., who allowed a bill of exceptions in substance as follows:

The plaintiff offered evidence tending to show that the de‑ fendant, a Congregational minister, preaching to a society in Ayer, uttered the words alleged in the counts for slander, at a church meeting in Ayer.

The plaintiff put in evidence the deposition of a witness, who was present on the occasion of the alleged slander, and testi‑ fied to the same. On the objection of the defendant, the judge excluded the following interrogatories and answers:

"Int. 11. What effect had the words spoken by the defend‑ ant, mentioned by you, so far as you know?" "Ans. The first effect was to start inquiry as to the facts upon which it might be based. The second effect was to unsettle confidence in the character of the plaintiff, and so to hinder his religious influ‑ ence among that people, and to prevent his securing ministerial labor there or elsewhere."

"Int. 12. Do you know, of your own knowledge, whether the words spoken by the defendant, mentioned by you, were gener‑ ally reported among the different churches?" "Ans. I have heard the words repeatedly quoted and questioned upon as to

the reason of their utterance, and the facts upon which they are based."

There was evidence tending to show that the plaintiff, who was a Congregational minister, had been dismissed from a pastoral charge in Brownington, Vermont, in 1869, by a mutual council of neighboring churches, and the defendant offered evidence tending to show that he left there with a bad reputation for truth and veracity, and also as a minister. The defendant offered the evidence of one Stevens, that the plaintiff told him in 1871, that he, the plaintiff, could have remained at Brownington at a larger salary, if he would have done so. The plaintiff objected to this evidence, but it was admitted. The plaintiff in cross-examination denied that there was any trouble between him and the church at Brownington, and denied that he refused to join in a mutual council until the church was about to call an *ex parte* council, and also denied that he told Stevens in 1871, that he could have remained at Brownington at a larger salary, if he would have done so.

The plaintiff's evidence tended to show that the defendant wrote and put into the post-office the postal card set out in the count for libel, and that the same was received by the person to whom it was addressed.

The plaintiff at that time was a member of the Windham Association, a voluntary unincorporated association of Congregational ministers, organized in Windham County, Vermont. The purpose of that association was the mutual improvement of the members, by means of literary and other exercises, and the association had the power to expel its members for any misconduct. Stevens, to whom the postal card was sent, was also a member of said association. The defendant was not a member of the association. The plaintiff was not at the time of the writing and publishing the alleged libel engaged in preaching anywhere, having resigned as pastor of the church in Shirley on April 22, and his resignation having been accepted May 3, 1877. The defendant and his family were members and attendants of the church in Shirley where the plaintiff had preached. There were intimate private relations between the members of the church in Shirley, and the members of the church in Ayer, where the defendant preached.

The defendant contended that the occasion of writing and publishing the alleged libel was privileged. The plaintiff contended that, as a matter of law, on the facts here stated, the occasion was not privileged, and asked the judge to instruct the jury as follows: "1. There was nothing in the relation of the defendant to the plaintiff, or of Stevens to the plaintiff or defendant, to make the occasion of publishing the alleged libel privileged. 2. Under the circumstances disclosed in proof, the occasion of the publication of the alleged libel was not privileged."

The judge declined so to rule, but, after defining a privileged communication and giving other instructions, in a manner not excepted to, submitted the question of privilege to the jury, with the following instruction: "If the defendant, in good faith and honestly believing the statements contained in the alleged libel to be true, made those statements to Dr. Stevens by a postal card, and with the intent only to bring the matter therein contained to the attention of an association, which had jurisdiction over the plaintiff, and ecclesiastical jurisdiction of the matters stated, then the communication would be privileged."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*F. P. Goulding & H. C. Hartwell*, for the plaintiff.

*W. S. B. Hopkins & W. H. Atwood*, (*L. Wallace* with them,) for the defendant.

SOULE, J. We are of opinion that the judge who presided at the trial in the Superior Court erred in his rulings on some material points, as to which the exceptions must be sustained; and that a part of the rulings excepted to were correct.

1. The questions and answers in the deposition were properly excluded. They had no tendency except to show that, after the words complained of were spoken by the defendant, other persons repeated the statements which he made, and that they became the subject of discussion to a greater or less extent. There is nothing in the evidence to show that the defendant, when he uttered them in a meeting of his own church, authorized or intended any repetition of them by any of the persons present, and, this being so, he is not answerable for any consequences which followed from such repetition or discussion. If the words

were slanderous, the repetition under such circumstances gave an independent right of action against those who repeated them; but the fact that they were repeated was not admissible for the purpose, either of showing malice on the part of the defendant, or of enhancing the damages to be recovered against him. *Hastings* v. *Stetson*, 126 Mass. 329.

2. We are unable to see any ground on which the evidence of Stevens, that the plaintiff told him in 1871 that he could have remained at Brownington at a larger salary, if he would have done so, was admissible. It was not material to any issue raised by the pleadings; and the matter being immaterial, the fact that the plaintiff, on cross-examination, had testified one way with regard to it, did not make it competent for the defendant to contradict his statement. The principle is well settled, that, if a party inquires of a witness as to immaterial matters, he must take the answer he gets, and may not raise an issue thereon by introducing evidence to contradict it. *Eames* v. *Whittaker*, 123 Mass. 342.

3. The ruling asked for by the plaintiff, that, under the circumstances disclosed in proof, the occasion of the publication of the alleged libel was not privileged, should have been given.

When the publication was made the plaintiff had ceased to have any connection with the Congregational Society at Shirley, and was not engaged in preaching anywhere. The defendant was not a member of the Windham Association of ministers, and had no other interest in it than that general interest which any good citizen would naturally feel in the welfare and wise management of any voluntary association purporting to be composed of ministers of the Gospel. He had no further interest in the relation of the plaintiff to that association, and the continuance of his membership therein, than any other good citizen had, who was anxious that purity and freedom from suspicion should be maintained in the membership of all such associations. The person to whom the alleged libel was addressed was a member of the Windham Association, but the defendant, so far as appears, had no relations with or interest in him personally.

On these facts, no occasion of privilege exists. According to the well-established doctrine, the publication of defamatory matter is justified by the occasion when it is made, *bona fide*, on

any subject matter in which the party making it has an interest, or in reference to which he has a duty to perform, if made to a person having a corresponding interest or duty. The defendant clearly owed no duty to the Windham Association, nor to the Rev. Dr. Stevens, to whom he wrote. He had no personal right or interest which would be protected by the removal of the plaintiff from the Windham Association, or by any action which that association might see fit to take with reference to the plaintiff. The communication may have been made from a laudable motive, but the law does not permit a mere volunteer to publish his opinions in defamation of another with impunity, simply because he means well in so doing. *Joannes* v. *Bennett*, 5 Allen, 169. *Krebs* v. *Oliver*, 12 Gray, 239. *Dale* v. *Harris*, 109 Mass. 193. *York* v. *Johnson*, 116 Mass. 482.

*Exceptions sustained.*