## BEHRE v. NATIONAL CASH REGISTER CO.

1. A corporation is not liable for damages resulting from the speaking of false, malicious, or defamatory words by one of its agents, even where in uttering such words the speaker was acting for the benefit of the corporation and within the scope of the duties of his agency, unless it affirmatively appears that the agent was expressly directed or authorized by the corporation to speak the words in question.

2. A declaration sets forth a good cause of action as for a libel, which alleges in substance that the defendant, a corporation, had caused to be made of and concerning the plaintiff, who had been its agent, a newspaper publication to the effect that he was no longer connected with the company and had not been since a specified date, and that any contracts made by him for the company would be void; it being further alleged that such publication was maliciously made with the motive and purpose of falsely holding the plaintiff out to the world as an impostor seeking or undertaking to appear and act as such agent without authority when in fact he was not so doing. Such language when published with such motive and intention is libelous as tending to expose the plaintiff to public contempt and ridicule.

Argued January 11, 12,—Decided February 22, 1897.

Action of libel. Before Judge Reid. City court of Atlanta. May term, 1896.

*Hall & Hammond*, *T. B. Felder* and *A. H. Davis*, for plaintiff.

*T. W. Latham* and *Glenn & Rountree*, for defendant.

COBB, Justice.

Charles H. Behre brought his action against the National Cash Register Company, a corporation, alleging in his petition that he had sustained damage on account of certain slanderous words which had been uttered by the agent of the defendant while acting in and about the business of said corporation; and also by a libelous writing which the corporation had caused to be published in certain newspapers. On demurrer the court dismissed the declaration, holding

that the same set forth no cause of action. To this ruling the plaintiff excepted.

1. The petition alleged that the defendant's agent went about from place to place and while in the conduct of the defendant's business uttered words in reference to plaintiff which were false and malicious. While it is distinctly alleged that the words complained of were uttered by the agent of defendant within the scope of the agency and in behalf of and for the interest of the defendant, it failed to allege that the defendant expressly directed or authorized the agent to speak the words in question. "A corporation will not be liable for any slander uttered by an officer, even though he be acting honestly for the benefit of the company and within the scope of his duties, unless it can be proved that the corporation expressly ordered and directed that officer to say those very words: for a slander is the voluntary and tortious act of the speaker." Odgers on Libel and Slander, 1st Am. ed. *368; Newell on Defamation, Slander and Libel, 1st ed. 361. "As a corporation can act only by or through its agents, and as there can be no agency to slander, it follows that a corporation cannot be guilty of slander; it has not the capacity for committing that wrong. If an officer or an agent be guilty of slander, he is personally liable, and no liability results to the corporation." Townshend on Slander and Libel, 2d ed. §265. Dodge v. Bradstreet Co., 59 How. Prac. 104.

2. "A corporation may make a libelous publication." Howe Machine Company v. Souder, 58 Ga. 65. The remaining question to be determined in this case is, therefore, whether there is a cause of action as for a libel set forth in the declaration. The article complained of as libelous was as follows:

"Mr. Chas. H. Behre is no longer connected with the National Cash Register Company, and has not been since August, 1893. Any contracts made by him for the company will be void. [Signed] J. Block, Agent, National Cash Register Company."

It was alleged that this notice was published in a newspaper in Albany, Georgia, and that a similar publication appeared in a newspaper in Atlanta, Georgia. It was further alleged, "that these publications were made for the purpose of injuring petitioner in his business by bringing him into discredit by making the public believe that he was undertaking to act as the agent of the said defendant, when in fact he was doing nothing of the kind, but was keeping as far aloof from them and their affairs as possible; and that the motive of the said defendant was to put him in a false attitude before the business public, by creating the impression that he was trying to act as their agent without authority, . . and was part of a general plan and purpose of said defendant to injure him in his business and bring him into disrepute; and that they were inspired and made by said defendant for that purpose." The words complained of may be literally true—the statement in the first sentence as a matter of fact, and the statement in the second sentence as a matter of law. If the words were published in good faith for the purpose of protecting the interest of the defendant, no liability would flow from their publication. They are not libelous per se; but the averment as to the intention with which the defendant caused them to be published and the effect which they have upon any one reading them makes them libelous. The impression created upon the mind of any one reading this notice is, that the plaintiff is seeking to impose himself upon the trading public as the agent of the defendant, and that through that means he is attempting to defraud the persons with whom he comes in contact in connection with the sale of the goods of the character sold by the defendant. The distinct allegation being that this was false and the words quoted above being, in effect, an allegation of malice, the petition sets forth a cause of action. In the case of D. D. Maynard v. Fireman's Fund Insurance Company, 47 Cal. 207, the words complained of were: "This company for good and sufficient reasons has resolved to dismiss D. D.

Maynard from its service." The court in the opinion say: "Words, which on their face appear to be entirely harmless, may, under certain circumstances, convey a covert meaning, wholly different from the ordinary and natural interpretation usually put upon them. To render such words actionable, it is necessary for the pleader to aver that the author of the libel intended them to be understood, and that they were in fact understood by those who read them, in their covert sense." The definition of libel in the law of this State is as follows: "A libel is a false and malicious defamation of another, expressed in print, or writing, or pictures, or signs, tending to injure the reputation of an individual, and exposing him to public hatred, contempt, or ridicule." Civil Code, §3832. The plaintiff's petition showing that he was engaged in the business of selling cash registers, there can be no question but that the words complained of, when published with the intention alleged, tended to injure the reputation of the plaintiff, and also to expose him to the hatred, contempt, and ridicule of the business public.

There was no error in sustaining the demurrer to so much of the petition as attempted to set forth a cause of action for slander, but·the demurrer should have been overruled as to the paragraphs referring to the libel complained of.

*Judgment reversed. All the Justices concurring.*