**CYRUS W. SCOTT MFG. CO. v. MILLIS.**

No. 9913.

Court of Civil Appeals of Texas. Galveston.
Dec. 22, 1933.

Rehearing Denied Jan. 11, 1934.

C. A. Teagle, of Houston, for appellant.

Henderson, Copeland & Shenk and Devereaux Henderson, all of Houston (James A. Copeland, of Houston, of counsel), for appellee.

LANE, Justice.

This suit was instituted by C. C. Millis against Cyrus W. Scott Manufacturing Company, a corporation. The suit is an action in libel and slander and is based upon a letter, copy of which is hereinafter shown.

Defendant pleaded a general denial and specially alleged that this communication, upon which plaintiff based his suit, was qualifiedly privileged and was written without malice, and that the material parts of the alleged libel were true.

It was shown that plaintiff was at one time an employee of the defendant and that he had voluntarily resigned his employment; that shortly thereafter the A. B. Frank Company of San Antonio had received an application from plaintiff, Millis, for employment and that the A. B. Frank Company wrote a letter to defendant, and to others, former employers

of plaintiff, making inquiry as to the ability of plaintiff as a salesman, etc. The letter was addressed to defendant, at Houston, and was replied to by Mack A. Walker, sales manager for defendant, in a letter addressed to Henry Carr, sales manager for the A. B. Frank Company, in care of said company at San Antonio, Tex. Said letter was dated July 6, 1931, and was in words as follows:

"Sorry not to be able to recommend Mr. C. C. Millis as a salesman. He was with us about eight months starting in July, 1930. During the early part of his engagement he left nothing to be desired, worked hard and consistently and booked a fair volume. He started down hill in November when things began to get tough and from then on until the end he seemed to have a well developed lazy streak; did not work regularly and was disinclined to follow instructions, in fact was simply N. G. When he severed his connection his account was in an overdrawn condition and instead of manlike bringing in his line and talking matters over, mailed his resignation and sent in the line by messenger. We have seen or heard nothing from him since that time. He has a likeable personality and is a good salesman if you can keep him working, but under the circumstances we cannot recommend him.

"Sincerely yours,

"Cyrus W. Scott Mfg. Co.

"[Signed] Mack A. Walker,

"MAW.V. Sales Manager."

The case was tried before a jury. At the close of the evidence, defendant requested the court to instruct a verdict for it, which request was refused and the case was submitted upon special issues, in answer to which they found that Mack A. Walker, in writing the letter in question, was acting as the agent of defendant, was acting within the scope of his authority, and that in writing such letter he was actuated by actual malice, that they do not find from a preponderance of the evidence that the facts stated in the letter were substantially true.

Special issue No. 5 was as follows:

"What sum of money if any do you find from a preponderance of the evidence, if paid now in cash, will fairly and adequately compensate the plaintiff for his injuries, if any, which he sustained and which were proximately caused by the acts of Mack A. Walker in writing the letter of July 6th, 1931, to Henry Carr, of A. B. Frank Company, San Antonio, Texas, taking into consideration the following elements of damage and none other.

"1. Injury to plaintiff's reputation therefrom if any.

"2. The reasonable value of the loss of earnings therefrom, if any, from July 7th, 1931, down to the date of this trial.

"3. The reasonable present cash value of the loss of earnings therefrom, if any, which you may find plaintiff will in reasonable probability suffer in the future, and beyond the date of this trial.

"4. Mental suffering and anguish therefrom, if any, from July 7th, 1931, down to the date of this trial.

"You will answer by stating the total amount in dollars and cents if any, as you find the facts to be."

In reply to such inquiry, they answered $10,000.

In connection with the inquiry as to whether M. A. Walker, in writing the letter, was actuated by actual malice, the court instructed the jury as follows:

"In connection with the foregoing special issue, you are instructed that by the term "actual malice" as used in this charge, is meant ill will, bad or evil motive, or such gross indifference to the rights of others as will amount to a wilful or wanton act.

"You are further instructed that malice in this case cannot be inferred from the fact that the letter in question was written by Walker to A. B. Frank Company, nor can you consider the language in the letter in arriving at or determining whether or not Walker was actuated by actual malice in writing it."

Defendant requested the court in writing to submit to the jury several special inquiries, which shall be hereinafter stated, all of which were by the court refused. Upon the verdict of the jury, the court rendered judgment for the plaintiff against the defendant for the sum of $10,000 to bear 6 per cent. interest per annum from its date. From such judgment, the defendant has appealed.

Mack Walker, a nonstockholder in the defendant company, but only its sales manager at the time he wrote the letter upon which appellee bases his suit, was called as a witness by the plaintiff. He was not, however, at the time of the trial of this suit a stockholder in the defendant company, an officer, nor employee of said company, nor was he a party to the suit, nor in any manner pecuniarily interested therein. Counsel for the plaintiff, over the objection of counsel for the defendant, was permitted to ask the witness (Walker) leading questions and he was required to make answers thereto. Appellant contends that the action of the court in overruling its objections constitutes reversible error. We have carefully examined the questions asked and have reached the conclusion that the court committed no reversible error by its ruling. There are but few of the questions shown in appellant's brief to which objections were made which can be properly classed as leading. In view of the fact that

the answers of the witness to the leading questions complained of were all favorable to appellant, the propounding of them was harmless, and therefore the action of the trial court in permitting counsel to ask them, if error, constitutes no reversible error.

The plaintiff alleged in his petition that defendant, through its agents, Mack Walker and E. J. Surman, stated to L. Furman of Navasota, Tex., that he (plaintiff) was lazy, good for nothing, and would not work or call on the trade or customers properly as he should and that the customers could not expect any service from him. That Mr. Millis was simply no good.

Counsel for plaintiff was permitted, over objection of the defendant, to ask plaintiff's witness, Mack Walker, if he did not state to C. T. Reifschneider "that he plaintiff is lazy and good for nothing and will not work or call on the trade or customers properly as he should and that the customers could not expect any service from him."

The objection made to this testimony sought by the question was that there was no predicate in the pleading on which to base such testimony. The defendant's objection was overruled and the witness, Walker, was permitted to and did, in answer to the question propounded, state that he made a part of the statement attributed to him by the question and a part of it he did not make. He was then asked, "Did you say (to Reifschneider) that he (plaintiff) was lazy?" In answer to such question the witness was permitted to and did say: "I might have implied that by saying he did not make his territory and cover the ground fully. Whether I used that word I am unable to remember."

The appellant assigns the action of the court in permitting the question to be asked and in admitting in evidence the answer of the witness thereto as reversible error.

We think appellant's objections to both the question and answer thereto should have been sustained.

The plaintiff was suing for slander and he alleged that L. Furman was the party to whom the alleged slanderous words were spoken, but the court allowed counsel for the plaintiff to prove that what was said was said to C. T. Reifschneider who was not named in the petition of plaintiff as the person to whom the words were spoken. It is clearly apparent that there was a variance between the allegations of the petition and the testimony offered and admitted. Vacicek v. Trojack (Tex. Civ. App.) 226 S. W. 505; Clark v. Munsell, 6 Metc. (Mass.) 373; Chapin v. White, 102 Mass. 139.

No predicate was laid in pleadings or the evidence to show any authority on the part of the witness Walker in making such verbal statements to Reifschneider, and no predi-

cate laid by which the defendant corporation could be bound by such statements on the issue of slander.

The slander charged was words spoken by an employee of the defendant corporation, and in such case it is necessary to allege and prove that such act of the employee was authorized by the corporation or that it was ratified by it before it can be held liable for the words spoken. 17 R. C. L. page 383, § 135; Behre v. National Cash Register Company, 100 Ga. 213, 27 S. E. 986, 62 Am. St. Rep. 320; Odgers on Libel and Slander, p. 368; Washington Gaslight Company v. Lansden, 172 U. S. 534, 19 S. Ct. 296, 43 L. Ed. 543.

In 17 R. C. L., § 135, supra, it is said: "Thus the strict rule has been laid down that a corporation is not liable for a slander uttered by its agent or officer, even though he is acting honestly for the benefit of the company and within the scope of his authority, unless it is shown that the corporation expressly ordered and directed him to utter the very words in question."

The court, over the objection of counsel for appellant, permitted the witness Henry Carr, sales manager for A. B. Frank Company, to whom the alleged libelous letter was written, to testify, by deposition, that he showed such letter to A. B. Frank Company, to the attorney for said company, and that, after being notified that this suit had been filed, he showed it to the president of the A. B. Frank Company, to Mr. Reagan, Houston, and to Messrs. Dodson & Ezell, attorneys for A. B. Frank Company.

Appellant assigns the admission of such testimony as reversible error. We sustain the assignment. A defendant in a libel action is not responsible for a subsequent republication of the libel by others when he did not procure such republication, and had no connection with it, and it was therefore error to permit evidence of the republication of the alleged libel by Henry Carr, an employee of another corporation, when it was not pleaded or proven that defendant instigated or procured the republication and did not have the remotest connection with it.

The law is well settled both in England and America, that the unauthorized and unprocured subsequent republication of the alleged libel by others who were in no way connected with the defendant, or originator of the alleged libel, cannot be offered in evidence either on the question of liability or enhancement of the damages. Vacicek v. Trojack (Tex. Civ. App.) 226 S. W. 505; Evans v. Am. Pub. Co. (Tex. Civ. App.) 8 S.W.(2d) 809; Maytag v. Cummins (C. C. A.) 260 F. 74, 79, 16 A. L. R. 712; Burt v. Advertiser Newspaper Company, 154 Mass. 238, 28 N. E. 1, 6, 13 L. R. A. 97.

In Maytag v. Cummins, supra, it was said: "And the general rule, even in libel cases seems to be that the publisher of a libel is not liable for the voluntary republication or repetition thereof by others without his request or authority, or for current rumors or reports thereof, or the damages therefrom." Citing Gough v. Goldsmith, 44 Wis. 262, 28 Am. Rep. 579; McDuff v. Detroit Evening Journal, 84 Mich. 1, 47 N. W. 671, 22 Am. St. Rep. 673; Age-Herald Publishing Company v. Waterman, 188 Ala. 272, 66 So. 16, Ann. Cas. 1916E, 900.

In Burt v. Advertiser Newspaper Co., supra, it is said: "Wrongful acts of independent third persons, not actually intended by the defendant, are not regarded by the law as natural consequences of his wrong, and he is not bound to anticipate the general probability of such acts any more than a particular act by this or that individual." Citing Hastings v. Stetson, 126 Mass. 329, 30 Am. Rep. 683; Shurtleff v. Parker, 130 Mass. 293, 39 Am. Rep. 454; Hayes v. Hyde Park, 153 Mass. 514, 27 N. E. 522, 12 L. R. A. 249.

In Vacicek v. Trojack (Tex. Civ. App.) 226 S. W. 505, it is held, that where statements made to another are qualifiedly privileged, the circulation of such statement by the confidant imposes no liability on the one making the privileged statement.

Appellant's seventh assignment presents error and we sustain same without lengthy discussion.

■ The question asked the witness, objected to by appellant, assumed the existence of facts which had not been established by any evidence and was therefore improper.

In 40 Cyc. 2433, the following rule is stated: "A question assuming a fact not proved or admitted is improper." Citing Andrews v. State, 159 Ala. 14, 48 So. 858, and other cases from the states of Arkansas, California, Connecticut, Florida, Georgia, and others.

We think the admission of the letter written by C. A. Teagle, attorney for appellant, to A. B. Frank Company, over objection of appellant, was improper and probably injurious to appellant.

We overrule appellant's ninth assignment without further comment.

■ By its tenth assignment appellant complains of the action of the trial court in permitting witness Stubblefield to testify as to the plaintiff's honesty and integrity, who stated that such reputation for honesty and integrity was good as far as he knew, that he had not heard anything to the contrary. The defendant objected to the admission of the testimony, in that the honesty and integrity of the plaintiff had not been attacked. The assignment is sustained. As the defendant had not attacked the plaintiff's reputation for honesty and integrity, and as the alleged libelous letter did not in any manner reflect on his reputation for honesty and integrity, the testimony of the witness Stubblefield as to the plaintiff's honesty and integrity should have been excluded.

■ Appellant, defendant below, requested the trial court to give to the jury a definition of the term "qualifiedly privileged communication," no such definition having been given by the court. Such request was refused and appellant assigns such refusal as reversible error. It is apparent from the record that the case was tried by all parties, and the court. upon the theory that the communication forming the basis of the plaintiff's suit, was qualifiedly privileged and that no recovery could be had against defendant unless actual malice be shown. Under such circumstances, the failure to grant the defendant's request was harmless.

By appellant's thirteenth assignment it contends that the court erred in refusing to give to the jury its fifth special requested charge reading as follows: "Did Mack A. Walker have probable cause for believing the statement in his letter to A. B. Frank Company to be true?" If it can be held that appellant corporation can be held liable for the statement made by its sales manager, Walker, in the letter he wrote to the Frank Company. which we doubt, then and only then, the refusal of the court to give such requested charge would constitute reversible error. As already stated, the slander charged was words spoken by an employee of the defendant corporation, and in such case it is necessary to allege and prove that such act of the employee was authorized by the corporation or that it was ratified by it before it can be held liable for the words spoken. 17 R. C. L. page 383, § 135; Behre v. National Cash Register Company, 100 Ga. 213, 27 S. E. 986, 62 Am. St. Rep. 320; Odgers on Libel and Slander, p. 368; Washington Gaslight Company v. Lansden, 172 U. S. 534, 19 S. Ct. 296, 43 L. Ed. 543.

In 17 R. C. L. § 135, supra, it is said: "Thus the strict rule has been laid down that a corporation is not liable for a slander uttered by its agent or officer, even though he is acting honestly for the benefit of the company and within the scope of his authority. unless it is shown that the corporation expressly ordered and directed him to utter the very words in question."

■ By its fourteenth assignment appellant contends that the court erred in refusing to give to the jury its sixth requested special issue, which reads as follows: "Would A. B. Frank Company have declined to employ the plaintiff had it not received the letter from the defendant company?" It being shown that the Frank Company had received other letters from other prospective employers pertaining to the ability and fitness of the plaintiff. We think the requested charge should

have been given. Fox v. Dallas Hotel Company, 111 Tex. 461, 240 S. W. 517; G., H. & S. A. Ry. Co. v. Freeman (Tex. Civ. App.) 273 S. W. 979, 992; Lancaster v. Daggett (Tex. Civ. App.) 272 S. W. 340; St. L. S. W. Ry. v. Hall, 98 Tex. 480, 85 S. W. 786; Olds Motor Works v. Churchill (Tex. Civ. App.) 175 S. W. 785; Am. Employers' Ins. Co. v. Singleton (Tex. Com. App.) 24 S.W.(2d) 26.

The plaintiff's damage was based principally on his claim that he lost his opportunity to obtain employment with A. B. Frank Company. The evidence shows that he gave the names of other former employers, for the purpose of A. B. Frank Company making inquiries of them. This was done and replies received. The witness Carr testified that it was very probable they would not have employed Millis if they had not received the Scott Company's letter. If Millis' failure to obtain employment with A. B. Frank Company was the result of the answers received from other former employers of plaintiff, or from a cause or causes, he could not hold defendant in damages which were not the result of the Scott Company's letter. The issue sought to be presented by the requested charge was raised by the evidence.

 The defendant requested the trial court to instruct the return of a verdict for it, urging substantially that the probative force of the evidence offered to show that the writing of the alleged libelous letter by Mack A. Walker was prompted by actual malice, is so weak that it only raises a mere surmise or suspicion of the existence of malice in the writing of said letter; that the testimony in legal contemplation falls short of being any evidence; that in such circumstances it was the duty of the trial judge to determine whether the testimony has more than a mere surmise or suspicion of the existence of the fact sought to be established. The court refused to give the requested charge and appellant assigns such refusal as error.

After a careful examination of the testimony offered or produced for the purpose of showing the existence of actual malice on the part of Mack A. Walker in the writing of the alleged libelous letter, we have reached the conclusion that the requested charge should have been given and that judgment in this cause should have been rendered for the defendant, appellant here. Though there be slight testimony, if its probative force be so weak that it only raises a mere surmise or suspicion of the existence of the fact sought to be established, the court should instruct a verdict. Joske v. Irvine, 91 Tex. 582, 44 S. W. 1059.

Considering the status of the case as a whole, taking into consideration the theory upon which it was tried, we are of opinion that the probative force of the testimony received to establish malice in the writing of the letter in question, does not go beyond the point of creating a mere surmise or suspicion that the writing of the letter was accompanied by actual malice, and, therefore, under the principles announced in Joske v. Irvine, supra, there is not, in legal contemplation, any evidence of the fact sought to be established.

Having reached the conclusion as next above expressed, it becomes our duty to reverse the judgment and to here render judgment for appellant, and it is accordingly so ordered.

Reversed and rendered.