## 48716. PUGH v. FIRST NATIONAL BANK OF BARNESVILLE.

QUILLIAN, Judge. The First National Bank of Barnesville brought suit for recovery on a promissory note which was attached to the complaint, the note being signed by Garland B. Pugh, Sr., the defendant. By amendment the plaintiff added a second count which sought to recover on a promissory note which was endorsed over to the plaintiff by the defendant. The defendant in his answer set forth that a certain agreement was entered into in connection with the first note which controlled over the terms of the note and relieved the defendant from liability. The answer also set forth several grounds for counterclaim, the only one with which we are now concerned is that a duly authorized agent and president of the plaintiff, R. Dallas Copeland, wilfully and maliciously slandered the defendant's character. The statements alleged to be slanderous were that Copeland called the defendant a liar and further that the defendant's reputation was bad and would follow him wherever he goes. It was further alleged that the incident occurred and the statements were made by the agent of the plaintiff when the plaintiff was attempting to collect on the note which was the subject matter of the complaint.

The case came on for hearing in which the plaintiff's motion for summary judgment for the principal and interest on the note was granted and the defendant's counterclaim was dismissed. Appeal is taken to this court. *Held:*

1. The plaintiff introduced on summary judgment several affidavits which showed that Copeland, its president, was neither authorized nor directed by the Board of Directors of the Corporation to make any remarks slanderous or otherwise as to the character of the defendant. The defendant did not introduce any evidence as to authorization.

It is well settled and this court has recently held that a corporation can not commit slander through its agents except when they are

authorized or directed by the corporation. See *White v. Cudahy Co.,* 130 Ga. App. 64 (202 SE2d 233). Regardless of whether this rule should still be in effect in the so-called modern era in which we now live, the principle is so well established that this court must decline to overrule it. We further point out that since the principle was predicated on a holding by the Supreme Court (*Behre v. National Cash Register Co.,* 100 Ga. 213 (27 SE 986, 62 ASR 320)), this court is unable to overrule it. The trial judge correctly dismissed the defendant's counterclaim seeking recovery for slander.

2. It is urged that the second note (second count of the complaint) lacked a maturity date and was hence unenforceable. Under the Uniform Commercial Code and even under the Negotiable Instruments Law in effect prior to the Uniform Commercial Code: "Instruments payable on demand include those at sight or on presentation and *those in which no time for payment is stated.*" (Emphasis supplied.) Code Ann. § 109A-3—108 (Ga. L. 1962, pp. 156, 241); Code § 14-207 (2) (now repealed). The note in the case sub judice, under the provisions of the Uniform Commercial Code, is a demand note and is enforceable as such.

3. Defendant has an agreement set forth which provides for a method of payment of the note for which recovery is sought in the first count of the complaint. This agreement in no way provides that it is an exclusive means of payment and in no way acts to relieve the defendant from his primary obligation which he entered into by signing the promissory note in question. In short, the bank may have been well satisfied to accept payments made under the agreement as long as they were forthcoming; however, the bank in no way limited itself by the language used to look solely to this means for payment. Under such circumstances, the obligation of the promissory note remains and the defendant as signatory on such note was obligated to pay any balance still remaining which was owed the plaintiff. Thus, there being no sustainable defense and the plaintiff's right to recover having been established, the trial judge correctly granted a summary judgment for the plaintiff.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

ARGUED NOVEMBER 5, 1973 — DECIDED JANUARY 24, 1974.

*Berlin & Hodges, Fred H. Hodges, Jr.,* for appellant.
*Jones, Cork, Miller & Benton, Timothy K. Adams,* for appellee.