## 54888. GERALD v. AMERON AUTOMOTIVE CENTERS et al.

SMITH, Judge.

Marvin Gerald brought this action against Ameron, a corporation, and its agent, Harper, seeking damages for Harper's alleged slanderous accusations about Gerald. Ameron moved for summary judgment on the ground that undisputed facts showed that it had not authorized or directed its agent to utter any slanderous remarks about Gerald. Gerald appeals, but we are bound by the current Georgia law of slander to affirm, and we are unable to consider his alternative theory, that theory not having been raised below.

Gerald's complaint alleged that he had been an employee of Ameron at one of its automotive service centers in Atlanta. On his day off, he visited that center as a customer and, while there, chose and purchased a set of hub caps. He charges that Harper, an Ameron regional supervisor, accused him of stealing the hub caps and thereafter discharged him. For this alleged slanderous accusation, Gerald seeks actual and punitive damages from both Harper and Ameron. Ameron moved for summary judgment on the basis of affidavits showing without contradiction that the corporation had not authorized or directed anyone to utter any slanderous comments about Gerald. On appeal, Gerald contends that this court should change the Georgia law relative to a corporation's vicarious liability for its agent's slander, but we are powerless to do so. Further, Gerald's alternative theory was not presented to the trial court, so we must

decline to consider it on appeal.

1. In the seminal case of *Behre v. National Cash Register Co.,* 100 Ga. 213 (27 SE 986) (1896), Justice Cobb writing for the Supreme Court announced the rule that a corporation will have no liability for the slanderous utterances of its agents or servants absent prior approval by the corporation. The *Behre* decision was adherent to the then prevalent rule which generally refused to hold a master liable for its servant's intentional torts, and which particularly balked at holding a corporation liable under those circumstances. This reluctance sprang from the fiction that imputed liability was based on an implied command from the master, and courts would not infer that a master impliedly authorized wilful misconduct, nor, especially, would courts infer that a corporation, having no mind or soul of its own, impliedly authorized malicious conduct. See generally Prosser, Torts (4th Ed. 1971), 464; 2 Harper & James, Law of Torts, 1389-1392. While modern tort theory has largely abandoned the fiction of implied command in favor of the practicality of risk allocation, Georgia's law has stobbornly clung to the notion that a corporation must expressly authorize its agent's slander, or it will have no liability. The "modern" view, yet to reach our state, was summarized 37 years ago as follows:

" 'There was a tendency, at one time, to ignore the realities of what corporations actually do and, in working out the law of corporate liability, to predicate results upon what it "could" and "could not" do, as a logical incident of its metaphysical reality. Although faced with the fact that corporations were actually committing torts and crimes in the same way and by the same agencies employed in making contracts, courts could not escape the argument that a creature with no mind or soul could not commit wrongs requiring a specific intent or a definite guilty mind.

" 'But the argument based upon the "nature" of the corporation, "more quaint, than substantial," has been universally repudiated. Corporations commit torts by the same people who effect and consummate their legitimate activities. For the most part, a corporation is liable, as an individual, for tort committed by its servants or agents

acting within the scope of their service or agency quite as it is liable on its contracts properly executed and entered into by its agents. Thus, corporations have been held liable for assault and battery, false imprisonment, slander and libel, wrongful death, conversion, negligence, deceit, and various types of harm resulting from its extrahazardous activities . . . under the same circumstances that would entail liability on the part of an individual principal. And it may be liable for malicious prosecution and other types of tort requiring malice or an evil intent.' " Osipoff v. City of New York, 286 N. Y. 422, 427-428 (36 NE2d 646) (1941).

Despite contemporary treatment of corporations, our Supreme Court recently restated the *Behre* rule, with no apparent reluctance, in *Garren v. Southland Corp.,* 237 Ga. 484 (228 SE2d 870)(1976). Meanwhile, this court has frequently followed the *Behre* rule, and although the wisdom of the rule has been attacked *(White v. Cudahy Co.* 130 Ga. App. 64, 70 (202 SE2d 233) (1973) (Evans, J., dissenting); *Zayre of Atlanta v. Sharpton,* 110 Ga. App. 587 (139 SE2d 339)(1964) (Eberhardt, J., concurring specially)), this court has correctly acknowledged that it is the province of the Supreme Court alone to overrule *Behre. Bell v. Thiokol Chemical Corp.,* 126 Ga. App. 167, 169 (190 SE2d 150) (1972); *Pugh v. First Nat. Bank,* 130 Ga. App. 627 (204 SE2d 370) (1974). Since there is no genuine issue of fact as to the corporation authorizing the slanderous comment, summary judgment in Ameron's favor was proper.

2. On appeal, the appellant asserts that there remain issues of fact as to whether Ameron breached its public duty to the appellant as an invitee to Ameron's place of business. The argument relates to a theory which carves a minor exception into the *Behre* rule: A business invitor owes a nondelegable duty to protect its invitees from injury, and when an employee slanders an invitee, the invitor's duty is thereby breached. See *Zayre of Atlanta v. Sharpton,* supra, for an excellent exposition of this theory.

The appellant did not assert the public duty theory below, so he may not rely on it on appeal. In the court below, the summary judgment motion and proceedings were expressly, and solely, centered around a

corporation's imputed liability for slander. The complaint shows that it addressed itself to a slander cause of action. The appellant never raised any other theory at the hearing and nothing in the evidence or pleadings raised any other theory. The appellant never excepted to Ameron's characterization at the hearing that "the one issue in this matter as to our motion is simply a legal issue of whether a corporate employer can be held liable for an alleged slanderous remark by one of its employees even though the corporation never authorized or directed that employee to make any such statement." When the movant for summary judgment presents evidence apparently destroying the plaintiff's cause of action, the movant has met his burden, and the burden then shifts to the plaintiff to present any alternative theories, if such exist, which would support his action and within which genuine issues of fact remain. *Meade v. Heimanson,* 239 Ga. 177 (236 SE2d 357) (1977); *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601 (203 SE2d 173)(1974); CPA § 156 (Code Ann. § 81A-156). No pleadings or action below by the plaintiff gave even the faintest notice that he was relying in any way on any cause of action other than slander. That cause of action was foreclosed by Ameron's evidence; thus, the appellant having failed then to respond with his obscure alternate theory, the summary judgment was proper.

*Judgment affirmed. McMurray, J., concurs. Bell, C. J., concurs specially.*

Argued November 1, 1977 — Decided February 14, 1978 — Rehearing denied March 8, 1978 — Cert. applied for.

*Gignilliat, Manchel, Johnson & Wiggins, Howard J. Manchel, Irwin M. Ellerin,* for appellant.

*Alston, Miller & Gaines, Gregory L. Fullerton, James S. Stokes, IV,* for appellees.

Bell, Chief Judge, concurring specially.

I concur in the judgment and with every reason stated in the majority opinion. I do not agree with the criticism of *Behre* and feel that it states both a necessary

and a wise rule.