**TEXAM OIL CORPORATION et al.,**
**Petitioners,**

**v.**

**D. D. (Pee Wee) POYNOR, Respondent.**

**No. B–1190.**

Supreme Court of Texas.

Dec. 31, 1968.

Stubbeman, McRae, Sealy & Laughlin, Milton L. Bankston, Midland, for petitioners.

Finley & Scogin, Kermit, Aubrey Edwards, Big Lake, for respondent.

PER CURIAM.

This is a plea of privilege case arising out of a suit against an individual and a corporation for slander. The question is whether a corporation may be held for trial in a county other than that of its domicile where there is an absence of proof that the slanderous remarks allegedly made by the corporate agent were authorized by the corporation or ratified by it. There was evidence that the statement made by the agent was referable to his duties, but there was no proof of authorization or ratification.

The statement allegedly made by the agent (who was then a director of the corporation and later its president) while discussing company business was, "Well, that * * * Pee Wee Poyner [the plaintiff] has been stealing oil from Texam [the defendant corporation] and selling it to the Drilling Contractors."

The trial court overruled the defendant corporation's plea of privilege to be sued in its home county, thus finding by implication that the statement was referable to the agent's duties, and concluded that this was legally sufficient to overrule the plea of privilege. The Court of Civil Appeals at El Paso affirmed. 431 S.W.2d 802.

We have jurisdiction of the appeal under Articles 1728 and 1821 [1] because

1. Vernon's Annotated Civil Statutes.

of conflicting holdings of the Courts of Civil Appeals. We approve the decision of the Court of Civil Appeals in this case; and pursuant to Rule 483, Texas Rules of Civil Procedure, the application for writ of error is refused, no reversible error.

The conflict arises from the opinion of the Court of Civil Appeals sitting at Galveston in Cyrus W. Scott Mfg. Co. v. Millis, 67 S.W.2d 885 (1933 writ. dismissed): "The slander charged was words spoken by an employee of the defendant corporation, and in such case it is necessary to allege and prove that such act * * * was authorized by the corporation or that it was ratified by it before it can be held liable for the words spoken." The above case was followed in Saenz v. Lower Rio Grande Valley Chamber of Commerce, 296 S.W.2d 806 (1956, no writ) by the San Antonio Court of Civil Appeals. In so far as these cases conflict with the opinion of the Court of Civil Appeals in this case and with this opinion, they are disapproved.

■ The rule which Fletcher says is "the better and majority rule," [2] was announced by the late Chief Justice Hickman while he was on the Eastland Court of Civil Appeals in Great Atlantic & Pacific Tea Co. v. Harris, 75 S.W.2d 974 (1934, writ dismissed): "An action is sustainable against a corporation for defamation by its agent, if such defamation is referable to the duty owing by the agent to the corporation, and was made while in the discharge of that duty. Neither express authorization nor subsequent ratification is necessary to establish liability." The Court of Civil Appeals in this case followed the above *Harris* case and rejected the above *Millis* case. In our opinion, it was correct in doing so.

See also Missouri Pac. Ry. Co. v. Richmond, 73 Tex. 568, 11 S.W. 555, 4 L.R.A. 280 (1889); Texas Plastics v. Roto-Lith, Ltd., 250 F.2d 844 (by the Fifth Circuit, 1958, interpreting Texas law); and 19 C.J.S., 958 Corporations § 1280b.

The opinion of the Court of Civil Appeals passes upon matters not brought to this Court. The application for writ of error is therefore refused, no reversible error.

2. 10 Fletcher, Cyclopedia of the Law of Private Corporations (Perm. Ed.) 518, § 4888.