**Alton R. WELLS, Plaintiff-Appellant,**

v.

**SHOP RITE FOODS, INC., Defendant-Appellee.**

No. 72–3011

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 1, 1973.

John H. Chambers, Arlington, Tex., for plaintiff-appellant.

Lawton G. Gambill, Fort Worth, Tex., for defendant-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

This defamation suit was brought by an ex-employee against his former employer, a Texas corporation. A jury returned answers to special interrogatories upon which the District Court entered judgment for defendant. We affirm.

In September of 1970, defendant Shop Rite Foods, Inc., a retail grocery chain in Texas, began an investigation into suspected thievery at its Grand Prairie, Texas, warehouse. Plaintiff Wells, a management-level supervisory employee, was instructed to inspect lunch boxes and packages belonging to employees leaving the warehouse. Additionally, Shop Rite employed a private detective agency, Denco Security Systems, to take written statements from suspected employees and to examine those employees with a polygraph.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Plaintiff Wells was interrogated by Denco on October 5, 1970, and later that day was temporarily suspended from employment at a private conference with his supervisor. On October 7, 1970, Wells was given a polygraph examination at Denco's Dallas office. No one from Shop Rite was present at this examination. Several weeks later Wells was permanently discharged.

Wells alleged that he was slandered by both the acts and the words of one of defendant's management personnel who was found to have told a union steward that Wells was fired for stealing.

On appeal, Wells raises three points of error. He argues that the District Court erred (1) in refusing to submit to the jury the issue of whether Shop Rite's acts slandered him by falsely accusing him of theft, (2) in excluding the testimony of a witness, and (3) in improperly framing one of the special interrogatories. We perceive no error.

■ (1) As to Wells' first contention, the District Court correctly refused to give this charge:

"Do you find from a preponderance of the evidence that the posting of supervisory employees of Defendant Shop Rite Foods, Inc. at exits from Defendant's Warehouse to check lunch boxes and packages of employees leaving the warehouse, and the employment of Denco Security Systems to investigate reported acts of theft, and the taking of written statements from various employees of defendant Shop Rite Foods, Inc. by Denco Security Systems, and the polygraphic examination by Denco Security Systems of certain employees of Defendant Shop Rite Foods, Inc. and the subsequent discharge of the individuals selected for polygraphic examination, taken together would lead a reasonably prudent individual to believe that Defendant Shop Rite Foods, Inc. was accusing all of such discharged individuals of theft?

ANSWER—'YES' or 'NO' "

These "acts," standing together, would not support a jury finding of slander. The mere fact of checking exiting employees shows only that Shop Rite was concerned with preventing thefts. Moreover, Wells, as a supervisory employee, performed the inspections, and was never himself inspected, so Shop Rite's trust in him was plainly evident to all. Similarly, the employment of Denco to investigate reported acts of theft, and Denco's interrogations and polygraph examinations, focused no attention on Wells. All that was known to the warehouse workers was that reported thievery was under investigation. No one knew who was being investigated. Finally, Wells' discharge, even when viewed against the background of an aroused employer seeking to curb employee dishonesty, does not amount to a slanderous accusation of theft. Wells was a supervisory employee who could be dismissed without cause, and he was discharged several weeks after the Denco investigation. Merely ceasing to be an employee does not prove discharge, and it certainly does not prove the reason for discharge, if any. The District Court correctly refused to ask the jury to speculate with these "acts."

■ (2) Wells next objects to the District Court's refusal to permit a witness, Clovis Brown, to testify that several Shop Rite employees had told him that they had heard that Wells had been discharged for stealing. This testimony was hearsay and was properly excluded.

(3) Finally, Wells contends that the District Court erred in framing Special Interrogatory Number 2 and in conditioning an answer to Special Interrogatory Number 3 upon an affirmative answer to Number 2.

Special Interrogatory Number 2 reads:

"Do you find from a preponderance of the evidence that William B. Rematore, Jr., had a duty to Shop Rite Foods as its warehouse superintendent to inform Wallace Nettles in his ca-

pacity as job steward for Local 47 of the Teamsters Union of the reason Plaintiff Wells was discharged by Shop Rite Foods?

Answer 'YES' or 'NO'

Answer: NO"

The next interrogatory, Special Interrogatory Number 3, dealt with whether Rematore was performing a duty owed to defendant when he gave Nettles a reason for the discharge. The jury was instructed not to answer Interrogatory Number 3 unless it had answered Interrogatory Number 2 affirmatively.

■■ According to the testimony at the trial, Mr. Rematore, the warehouse superintendent for Shop Rite, told the union steward that Wells had been discharged for theft. Wells argues that this slanderous statement by Rematore establishes Shop Rite's liability. Such is not the case. Assuming the statement by Rematore was slanderous, Wells still had to link it to Shop Rite for Shop Rite to be liable. In Texam Oil Corp. v. Poynor, 436 S.W.2d 129 (Tex.1968), the Texas Supreme Court approved this statement of Texas law:

> "An action is sustainable against a corporation for defamation by its agent, if such defamation is referable to the duty owing by the agent to the corporation, and was made while in the discharge of that duty."

436 S.W.2d at 130. Thus, under *Texam Oil Corp.*, Wells had the burden of proving that Rematore's statement was made in the discharge of a corporate duty. The jury's answer to Special Interrogatory Number 2 shows that it resolved the issue against Wells. We conclude, therefore, that Special Interrogatory Number 2 was correctly framed and that a negative answer to it foreclosed Shop Rite's liability for Rematore's statement. Until his statement was proven legally attributable to Shop Rite, Shop Rite's liability had not been established.

Affirmed.