**CAPROCK BEEF PACKERS CO., Appellant,**

v.

**Lewis WAGNER, Appellee.**

**No. 8615.**

Court of Civil Appeals of Texas, Amarillo.

Nov. 28, 1975.

Rehearing Denied Dec. 29, 1975.

Gibson, Ochsner, Adkins, Harlan & Hankins, A. B. Hankins, Amarillo, for appellant.

Lemon, Close, Atkinson & Shearer, Otis C. Shearer, Booker, for appellee.

REYNOLDS, Justice.

In this action for slander, a corporation and its general manager were held jointly and severally liable for the malicious utterances of the general manager. The facts of this case show that the defamation was not referable to, nor made in the discharge of, any duty the general manager owed to the corporation so as to make the corporation liable. Affirmed in part; reversed and rendered in part.

Plaintiff Lewis Wagner sought actual and exemplary damages from defendants Caprock Beef Packers Co., a corporation, and Elmer Rabin for slander maliciously uttered by Rabin in the course and scope of his employment as general manager of Caprock's facility at Booker, Texas. Wagner produced testimony that a few weeks after he had voluntarily quit his employment at Caprock's Booker facility, Rabin, upon learning that Wagner had applied for employment at three unrelated beef packing plants, telephoned from Caprock's premises to the personnel manager at each plant and reported that Wagner was an alcoholic, which was false. During direct examination as an adverse witness, Rabin was asked, and made the recorded responses to, these leading questions:

Q. Isn't it true that you don't make it a practice of calling up other Packing Companies about employees? That is not your practice?

A. That's right.

Q. And if anyone would ever do that, that would be rather unusual in the Packing Industry, would it not?

A. Yes.

Based upon the jury's verdict establishing Wagner's cause of action and damages, judgment was rendered decreeing both defendants to be jointly and severally liable to Wagner for actual and exemplary damages in the sum of $36,000, plus interest from the date of defamation and costs. Caprock has appealed; Rabin has not appealed and the judgment rendered against him has become final.

Caprock asserts that there is no evidence to support the jury's finding that Rabin was acting within the course and scope of his employment with Caprock. The parties agree that the criterion, as resolved in *Texam Oil Corporation v. Poynor*, 436 S.W.2d 129 (Tex.1968), is whether "the (Rabin's) defamation is referable to the duty owing by the agent (Rabin) to the corporation (Caprock), and was made while in the discharge of that duty." If so, the corporation is liable; otherwise, Caprock has no liability to Wagner.

Wagner submits that, under either of two theories, he met his burden to produce some evidence of probative force that Rabin made the defamation while he was discharging a duty owing to Caprock. Initially, Wagner insists that Rabin, whose authority as general manager included the hiring and firing of employees, had a duty as personnel manager to communicate with personnel directors of other corporations concerning a former Caprock employee who was applying for a job with those firms.

The record is silent about any custom of communication between personnel directors in the beef packing industry. Granting that Rabin had the *right* to communicate a good faith belief that Wagner was an unsuitable employee, there is nothing in this record to indicate that Rabin had an *obligation* to disseminate the information as there was in *Missouri Pac. Ry. Co. v. Richmond*, 73 Tex. 568, 11 S.W. 555 (1889), where the public interests involved in and necessary to the safe operation of railways imposed an *obligation* on the company to communicate to its personnel likely to employ people information about people the company believed unsuitable for employment. Nor is there any evidence that when Rabin made

**196**

the calls he was discharging some duty he had been employed or directed to do as was the situation in *Swift & Co. v. Gray,* 101 F.2d 976 (9th Cir. 1939), and in each Texas case following that test. To the contrary, Wagner elicited the information that what Rabin did was neither his nor the practice in the beef packing industry.

■ Secondly, Wagner argues that, even if Rabin was not actually acting within the course and scope of his employment, Caprock is liable nevertheless because Rabin was a vice-principal under the definition given in *Fort Worth Elevators Co. v. Russell,* 123 Tex. 128, 70 S.W.2d 397 (1934). There, a vice-principal was defined as one upon whom a corporation has conferred such comprehensive and general power as to make him its alter ego, thereby making his acts the acts of the corporation itself if the vice-principal acted within the limits of his authority, or in the line of duty, or in the performance of his duty. But here, there is no showing that Rabin was authorized to communicate information about an ex-employee to prospective employers, and any duty that might be inferred from Rabin's position as general manager was completely negated when Wagner drew from Rabin the information that such communications were not the practice, and indeed that it was unusual to do so, in the beef packing industry.

It follows that there is, in legal contemplation, no evidence to support the jury's finding that Rabin was acting within the course and scope of his employment when he slandered Wagner. Caprock's first point of error is sustained, and its second point challenging the assessment of interest from the date of the defamation is not reached.

Wagner's judgment against Rabin is affirmed; but the part of the judgment decreeing that Wagner recover from Caprock is reversed, and judgment is here rendered that Lewis Wagner take nothing by virtue of his cause of action alleged against Caprock Beef Packers Co. Rule 434, Texas Rules of Civil Procedure.