**William C. SEIFERT, Appellant,**

v.

**EL PASO NATURAL GAS COMPANY, Appellee.**

**No. 6676.**

Court of Civil Appeals of Texas, El Paso.

May 24, 1978.

C. R. (Kit) Bramblett, El Paso, for appellant.

Grambling, Mounce, Sims, Galatzan & Harris, John A. Grambling, Don Hagans, El Paso, for appellee.

## OPINION

WARD, Justice.

A summary judgment was rendered in favor of the Defendant, El Paso Natural Gas Company, in this suit for slander. The sole question before us is whether the summary judgment proof offered by the Defendant/corporation was sufficient to sustain the judgment because the employee was not acting in the course and scope of his employment when he made the alleged slanderous statement. Plaintiff appeals and we affirm.

William C. Seifert was employed in the Engineering Department of El Paso Natural Gas Company and his employment was terminated by the Company on May 25, 1972. He filed suit against the Company in February, 1976, and complained that in August, 1974, and again in January, 1976, Walter McGee, a Natural Gas Company employee also in the Engineering Department, in answer to two telephone inquiries had stated that the Plaintiff was "untrustworthy, unethical and of very poor character and that he became so unreliable that El Paso Natural Gas Company fired him."

Motion for summary judgment was thereafter filed by the Defendant on the basis that, if any such statement was made by McGee, he was not then acting within the course and scope of his employment for the Company. The summary judgment proof offered by the Defendant consisted of attached affidavits of McGee and of James Malone, the Director of Personnel Administration of the Gas Company, and certain admissions made by the Plaintiff to request for admissions. Opposing affidavits were filed on behalf of the Plaintiff.

In this proceeding, the Defendant has assumed the so-called negative burden of establishing as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the Plaintiff's cause of action. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex. 1970). To establish the Defendant's liability that McGee was acting within the course and scope of his employment when he made the alleged statement, the Plaintiff would normally only have to undertake the burden stated in *Texam Oil Corporation v. Poynor*, 436 S.W.2d 129 (Tex.1968):

> " * * * 'An action is sustainable against a corporation for defamation by its agent, if such defamation is referable to the duty owing by the agent to the corporation, and was made while in the discharge of that duty. Neither express authorization nor subsequent ratification is necessary to establish liability.' * * "

Therefore, in this slander case, on motion for summary judgment, the Defendant/movant had the burden of proof to establish that the alleged defamation was not referable to any duty owed by the agent to the corporation and was not made while in the discharge of that duty. *Jackson v. Cheatwood*, 445 S.W.2d 513 (Tex. 1969).

As pointed out, the movant has supported its position by the two affidavits from its employees. The substance of the affidavits established the movant's position that McGee, when he made the statements, was not acting within the course and scope of his employment, that his duties with the Engineering Department never included that of furnishing information or recommendation to outsiders about former employees, and was wholly unrelated to his employment in the Engineering Department of the Gas Company. This is uncontradicted evidence, but since it is from interested witnesses, the question of its credibility is raised. In this case, we do not believe the question of credibility is at issue. The evidence is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach the testimony. *Cochran v. Wool Growers Central Storage Co.*, 140 Tex. 184, 166 S.W.2d 904 (1942). If this were not true, the Plaintiff should have been well able to have disproved that testimony through the normal discovery process. Actually, the Plaintiff's only argument is that the affidavit of McGee contains the conclusionary statement that any information which he may

have furnished to anyone concerning the Plaintiff was completely unrelated to his employment with the El Paso Natural Gas Company. While that portion of the statement is conclusionary, we believe that the balance of the statement, together with the affidavit of Malone, the Personnel Director, established the necessary proof that McGee, as an employee in the Engineering Department, was never authorized or even permitted by the Company to furnish any information pertaining to the work performance of any former employee, that requests for information or references pertaining to former employees would only be furnished on behalf of the Company by Mr. Malone or a person within the Personnel Administration section acting under his supervision, and then only dates of employment and position held could be given and nothing further. No genuine issue on course and scope of the employment is present in this case. See *Wagner v. Caprock Beef Packers Company*, 540 S.W.2d 303 (Tex.1976); and *Galvan v. Sisk*, 526 S.W.2d 717 (Tex.Civ.App.—Amarillo 1975, no writ).

The judgment of the trial Court is affirmed.